# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.S.**

**No. 19-0520** (Cabell County 16-JA-277)

**FILED**

**February 7, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father A.N., by counsel Jon D. Hoover, appeals the Circuit Court of Cabell County's April 9, 2019, dispositional order terminating his parental rights to J.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Robert E. Wilkinson, filed a response on behalf of the child, also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent and terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2016, the DHHR filed a child abuse and neglect petition after the child's mother overdosed on heroin. The DHHR alleged that the mother neglected the child due to her drug use, which impaired her ability to parent. The petition listed the father of the child as unknown, and the DHHR alleged that the unknown father neglected the child by failing to provide him with emotional, financial, or psychological support.

In January of 2018, the guardian filed a motion to amend the DHHR's original petition to include petitioner as a respondent after a court ordered paternity test revealed that he was J.S.'s biological father. In the amended petition, the guardian alleged that petitioner was never in contact with J.S. and was incarcerated on twelve felony charges in the state of Michigan. The guardian further alleged that petitioner was either incarcerated or on parole for the last ten years and had never discharged his parole without being rearrested. Moreover, the guardian alleged that

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

petitioner's parental rights to two other children were involuntarily terminated in Cabell County, West Virginia.[2] The circuit court granted the guardian's motion to amend the petition.

In April of 2018, the circuit court held an adjudicatory hearing. Petitioner had been granted parole the previous month and appeared in person at the hearing. Petitioner stipulated to his failure to financially support J.S. over the past thirty-four months due to his incarceration. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Additionally, the circuit court ordered the DHHR to arrange a supervised introductory visit between petitioner and J.S. and set petitioner's child support at $50 per month.

The circuit court held a dispositional hearing in June of 2018, where the circuit court heard testimony from a Child Protective Services ("CPS") worker and petitioner. The CPS worker testified that the DHHR was informed in December of 2017 that the results of petitioner's paternity test revealed that petitioner was J.S.'s father. The CPS worker further testified that petitioner's introductory visit with J.S. went well, and petitioner brought gifts for J.S.; however, the CPS worker admitted that no other visits occurred thereafter due to his failure to provide petitioner's parole officer with the appropriate paperwork. Additionally, the CPS worker recommended that petitioner's parental rights be terminated because J.S. had been in the DHHR's custody for fifteen of the last twenty-two months. Petitioner testified that he was not advised that he was J.S.'s father until February of 2018, at which time he attempted to contact J.S.'s mother and grandmother. Petitioner further testified that he provided J.S. with gifts and clothing during their visit and immediately paid his $50 child support payment. Additionally, petitioner testified that he wanted to continue to support J.S. and that it was not in J.S.'s best interest to terminate his parental rights based upon petitioner's delayed notice of paternity and his immediate action to support J.S. Based upon the evidence presented, the circuit court denied the DHHR's motion to terminate petitioner's parental rights and granted petitioner a six-month post-adjudicatory improvement period.

In September of 2018, the circuit court held a review hearing. The guardian informed the circuit court that he filed a motion to terminate petitioner's parental rights because petitioner was arrested following the previous hearing and incarcerated in Michigan. Petitioner's counsel requested a continuance to provide him time to file a response. The circuit court granted the continuance.

The circuit court held a final dispositional hearing in October of 2018. Petitioner did not appear in person, but was represented by counsel. The guardian informed the circuit court that petitioner was arrested in Wayne County, West Virginia, on July 6, 2018, for possession of heroin with the intent to deliver, and was subsequently returned to the custody of the Michigan Department of Corrections for violation of his parole. The guardian further informed the circuit court that petitioner was not eligible for parole until July of the following year. As such, the DHHR requested termination of petitioner's parental rights. No other evidence was presented, and the circuit court did not issue a ruling.

---

[2]Petitioner appealed both of these terminations, which were affirmed by this Court. *See In re A.N.-1,* No. 16-0477, 2016 WL 6679007 (W. Va. Nov. 14, 2016)(memorandum decision); *In re A.N.-2,* No. 17-0534, 2017 WL 5632159 (W. Va. Nov. 22, 2017)(memorandum decision).

In November of 2018, the circuit court entered a final dispositional order. In its findings, the circuit court concluded that the nature of petitioner's offenses in the case; the length of his incarceration; and, most importantly, J.S.'s paramount need for permanency supported the conclusion that termination of petitioner's parental rights was in J.S.'s best interests. It is from the April 9, 2019, dispositional order that petitioner appeals.[3]

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent. We note, however, that petitioner stipulated to adjudication below. "'Our general rule is that nonjurisdictional questions . . . raised for the first time on appeal, will not be considered.' *Shaffer v. Acme Limestone Co., Inc.*, 206 W. Va. 333, 349 n. 20, 524 S.E.2d 688, 704 n. 20 (1999)." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009). Accordingly, we find that petitioner waived this issue on appeal.

Petitioner also argues that the circuit court erred in terminating his parental rights on the basis that he had abandoned his child. However, nothing in the record indicates that the circuit court terminated petitioner's parental rights on this basis. To the contrary, the circuit court found that "the nature of [petitioner's] offenses in this case, the length of incarceration, and, most importantly, the paramount need of J.S. for permanency all support[ed] a finding that it [was] in [J.S.'s] best interests to terminate the parental rights of [petitioner]." West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. West Virginia Code § 49-4-604(c) provides that a situation in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected includes one in which the abusing parent has

---

[3]The child's mother's parental rights were terminated in 2017. J.S. currently resides with his maternal grandmother and his half-sibling. The permanency plan for J.S. is adoption by his grandmother.

"demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." Further,

> [w]hen no factors and circumstances other than incarceration are raised at a disposition hearing in a child abuse and neglect proceeding with regard to a parent's ability to remedy the condition of abuse and neglect in the near future, the circuit court shall evaluate whether the best interests of a child are served by terminating the rights of the biological parent in light of the evidence before it. This would necessarily include but not be limited to consideration of the nature of the offense for which the parent is incarcerated, the terms of the confinement, and the length of the incarceration in light of the abused or neglected child's best interests and paramount need for permanency, security, stability and continuity.

*Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 3.

The circuit court's termination of petitioner's parental rights was consistent with the best interests of J.S. At the time petitioner was determined to be J.S.'s father, he was serving sentences on twelve felony charges in the state of Michigan. Additionally, prior to these proceedings, petitioner had been incarcerated or on parole in Michigan for approximately ten years and had never successfully discharged his parole on any charge prior to being rearrested. In fact, during these proceedings, petitioner was rearrested for possession of heroin with the intent to deliver while out on parole. Thus, at the time of petitioner's dispositional hearing, he was again incarcerated in Michigan. Moreover, despite the fact that J.S. had been in the DHHR's custody for fifteen of the last twenty-two months, the circuit court granted petitioner a post-adjudicatory improvement period to afford him an opportunity to develop a relationship with his child; however, petitioner's arrest and subsequent incarceration prevented him from doing so. Finally, the circuit court found that the evidence established that J.S. had been in his grandmother's care since birth and that he was bonded to both his grandmother and half-sibling, who also resides with J.S.'s grandmother. The circuit court further found that J.S.'s placement with petitioner's wife was not an appropriate alternative given that J.S. had no relationship with her. As such, the circuit court's finding that the termination of petitioner's parental rights was in the best interests of J.S. is fully supported by the record. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 9, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: February 7, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison